NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCIAL OVANDO-PEREZ, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No.   17-70099 Agency No. A096-193-315 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 5, 2020[**]

Before:      SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Marcial Ovando-Perez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his applications for cancellation of removal, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo questions of

---

        [*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        [**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

In his opening brief, Ovando-Perez does not challenge the agency's denial of cancellation of removal. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to Ovando-Perez's cancellation of removal claim.

The BIA did not err in finding that Ovando-Perez did not establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Barbosa v. Barr*, 926 F.3d 1053, 1060 (9th Cir. 2019) (finding that individuals returning to Mexico from the United

2

States who are believed to be wealthy does not constitute a particular social group). To the extent Ovando-Perez raises social groups that were not presented to the agency, we lack jurisdiction to consider them. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Further, substantial evidence supports the agency's determination that Ovando-Perez otherwise failed to establish the harm he fears would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Ovando-Perez's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Ovando-Perez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Finally, Ovando-Perez's contentions that he did not receive a full and fair hearing fail, *see Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring prejudice to prevail on a due process claim), and we lack jurisdiction to consider his contentions that he was denied the opportunity to seek alternative treatment programs, *see Barron*, 358 F.3d at 677-78.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**